STOKER, Judge.
Thomas M. Skinner died intestate on December 23, 1981, survived by his wife, Martha Singletary Skinner, and two children of a previous marriage, Sharon Skinner Fuller and Tom M. Skinner, Jr. On a Rule to Show Cause brought by Mrs. Skinner, the trial court rendered judgment granting her a legal usufruct over the decedent’s one-half of the community property acquired during the marriage. The children appeal.
At issue in this appeal are LSA-C.C. arts. 890 and 916 as enacted by Acts 1981, Nos. 919 and 911, respectively, and the repealing provisions contained in those acts. Article 890 as enacted by Act 919 provided:
“If the deceased spouse is survived by descendants, and shall not have disposed *741 by testament of his share in the community property, the surviving spouse shall have a legal usufruct over so much of that share as may be inherited by the descendants. This usufruct terminates when the surviving spouse contracts another marriage, unless confirmed by testament for life or for a shorter period.
“The deceased may by testament grant a usufruct for life or for a shorter period to the surviving spouse over so much of the separate property as may be inherited by issue of the marriage with the surviv- or or as may be inherited by illegitimate children.
“A usufruct authorized by this article is to be treated as a legal usufruct and is not an impingement upon legitime.
“If the usufruct authorized by this article affects the rights of heirs other than children of the marriage between the deceased and the surviving spouse, or affects separate property, security may be requested by the naked owner.”
Article 916, as enacted by Act 911 of 1981, is identical except for the second paragraph which reads:
“The deceased may by testament grant a usufruct for life or for a shorter period to the surviving spouse over all or part of his separate property.”
The conflict in the provisions of these articles as amended in 1981 has no effect on the outcome of this case. The paragraph in question deals with granting a legal usu-fruct by testament over separate property. We are dealing here with an intestate succession and a legal usufruct over community property.[1]
Counsel for appellants states in his brief, “The legal issue to be decided in this case is when is the effective date of Civil Code Article 890.” We disagree. As noted by the trial judge, the effective date of Article 890, as enacted by Act 919, was provided by the statute itself to be January 1, 1982. It is clearly not applicable to the heirs in this succession.
The law controlling this case is LSA-C.C. art. 916, as enacted by Act 911, which had an effective date of September 11, 1981. The first paragraph of that article expressly provides for a legal usufruct in favor of the surviving spouse over community property. The first paragraph of LSA-C.C. art. 890 is identical and therefore would have had the same effect except that it did not become effective until January 1, 1982.
Even if Article 916 was repealed by Act 919, that act was not effective until January 1,1982. Thus Article 916, as enacted by Act 911, was in effect at least from September 11, 1981, through December 31, 1981.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. Article 890 was brought into conformity with Article 916 by Acts 1982, No. 445 so as to be identical in all provisions.